Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ANTHONY R. NEGRÓN BURGOS  Recurrente  v.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Recurrido | KLRA202400047 | Revisión procedente del Departamento de Corrección y Rehabilitación  Sobre: Suspensión de Privilegios por Medida de Seguridad |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio, el juez Marrero Guerrero y la jueza Boria Vizcarrondo.

Sánchez Ramos, juez ponente

### SENTENCIA

En San Juan, Puerto Rico, a 14 de febrero de 2024.

El Departamento de Corrección y Rehabilitación ("Corrección") impuso ciertas medidas bajo la Regla 9, *infra,* sobre *Suspensión de Privilegios por Medida de Seguridad.* Según se explica a continuación, esta determinación de Corrección no es revisable directamente ante este Tribunal, por lo cual se desestima el recurso de referencia.

I.

El 20 de diciembre de 2023, el Superintendente de una institución correccional (Ponce Adultos 1000) suspendió ciertos privilegios del Módulo 3B – Sección N (el "Módulo") por el término de 10 días. Específicamente, se suspendió la "visita, la entrega de artículos que se reciben mediante la visita, el privilegio de comidas especiales, el uso de las máquinas expendedoras de comida en el área de visita, la recreación (activa, pasiva) y comisaría (exceptuando la venta de los artículos de aseo personal)". Esta medida se tomó al amparo de la Regla 9 del Reglamento Núm. 9221 (la "Regla 9"), denominado *Reglamento para Establecer el*

*Procedimiento Disciplinario de la Población Correccional* (el "Reglamento"), aprobado el 8 de octubre de 2020.

De conformidad con lo dispuesto en la Regla 9, el Superintendente solicitó que la medida de seguridad se extendiera por 90 días adicionales, a partir del 30 de diciembre. Luego de la vista administrativa contemplada por la Regla 9, Corrección determinó, mediante una Resolución de 28 de diciembre (la "Resolución"), que se justificaba la extensión solicitada. Ello porque, entre el 20 y 21 de diciembre de 2023, se encontraron varios confinados del Módulo en estado crítico por aparente sobredosis. También se resaltó que, luego del 20 de diciembre, se habían presentado 10 informes disciplinarios a miembros del Módulo. Corrección concluyó que la medida de seguridad adoptada por el Superintendente se justificaba por el riesgo existente a la seguridad institucional.

El 16 de enero, el Sr. Anthony R. Negrón Burgos (el "Recurrente") presentó el recurso que nos ocupa. En esencia, impugna la validez de la Resolución. Plantea que la "Regla 9 se aplicó como medida disciplinaria y no como medida de seguridad", que la "sanción impuesta es excesiva e inmeritoria", que Corrección no podía "certificar que" confinado alguno tuvo "una sobredosis de sustancias controladas" porque no hubo "pruebas de sangre ni de orina", que desde el 22 de diciembre "no ha ocurrido ningún incidente" en el Módulo, que Corrección no permitió "descubrimiento de prueba" ni escuchó a los miembros del Módulo, antes de emitir la Resolución, y que el Recurrente había sido "asign[ado]" a otro módulo. Disponemos.

II.

La Regla 9 le permite a Corrección suspenderle privilegios a los confinados como una medida de seguridad, no como una medida disciplinaria. La Regla 9 dispone lo siguiente:

REGLA 9 — SUSPENSIÓN DE PRIVILEGIOS POR MEDIDA DE SEGURIDAD

1. El superintendente de la institución correccional podrá suspender los privilegios, sin celebración de vista administrativa, por un período de tiempo que no exceda a diez (10) días calendarios, en aquellas circunstancias que atenten contra la seguridad institucional. El Superintendente no podrá extender el término expresamente dispuesto en este inciso. Bajo ninguna circunstancia, esta disposición podrá ser utilizada por el Superintendente de la institución correccional como medida disciplinaria.

2. Queda prohibida la cancelación del privilegio de visita a un grupo, unidad de vivienda, edificio o institución como medida disciplinaria. Sin embargo, esto no impedirá la suspensión de este privilegio cuando existan otras razones que no sean de índole disciplinario que así lo requieran y que estén en total acorde con las circunstancias específicamente establecidas para afianzar la seguridad. En estos casos, deberá entenderse que la suspensión de privilegios responde estrictamente a una medida seguridad y no a una medida disciplinaria.

3. El superintendente deberá notificar por escrito a la Oficina de Asuntos Legales la acción tomada dentro del próximo día laborable de haber tomado la acción. El Director de la Oficina de Asuntos Legales o su representante, referirá el asunto a la Oficina de Investigaciones del Sistema Correccional (OISC). La investigación será conducida por la Oficina de Investigaciones del Sistema Correccional (OISC), con el propósito de determinar si existe justa causa para extender la suspensión de privilegios por razones de seguridad. Los privilegios podrán ser suspendidos por razones de seguridad, bajo una de las siguientes circunstancias:

a. En caso de motín, fuga, disturbio, su tentativa o cualquier otra actividad o evento que ponga en riesgo la seguridad, la tranquilidad o el normal funcionamiento institucional. Esto incluye, pero sin limitarse a, cualquier amenaza contra la integridad física o la propiedad de un miembro de la población correccional, o cualquier otra persona, o contra la seguridad de la institución correccional.

b. Cuando ocurra una agresión a un miembro de la población correccional y la misma sea ejecutada por seis (6) o más miembros de la población correccional.

c. Cuando un módulo o unidad de vivienda de la institución correccional se niegue o se resista a someterse a las pruebas de detección de sustancias controladas, alcohol o cualquier otra prueba que se utilice para estos propósitos o impida que pueda llevarse a cabo dicha prueba.

d. Cuando ocurran hallazgos de cualquier contrabando peligroso, tal como armas de fuego, sustancias controladas, artefactos explosivos o cualquier otro material prohibido por ley o reglamento.

Así pues, el Superintendente de una institución correccional puede suspender los privilegios de todos, o de un grupo, de los miembros de la institución cuando, según su criterio, exista una situación de las previstas en la Regla 9, cuyo denominador común es que atentan contra la seguridad institucional. Ello sin vista previa, siempre que no exceda de diez días.

Ahora bien, una vez ejecutada dicha facultad, el referido funcionario viene llamado a notificar su actuación. Además, si a su juicio la situación amerita que se extienda el término de suspensión de privilegios, Corrección celebrará una vista administrativa, luego de lo cual adjudicará si se concede la extensión.

En fin, la Regla 9 es una medida de seguridad que se impone con el fin de proteger la institución, independientemente de que un confinado haya violado o no algún código disciplinario de forma individual. La Regla 9 no es una sanción disciplinaria colectiva sino una medida de seguridad para la protección de la población correccional y de las personas que trabajan en la institución.

III.

De otra parte, Corrección tiene un mecanismo administrativo que le permite a un confinado presentar una queja o solicitud relacionada con sus condiciones de confinamiento. En efecto, el *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583, aprobado el 4 de mayo de 2015, tiene como objetivo principal que "toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, para su atención, con el fin de minimizar

las diferencias entre los miembros de la población correccional y el personal y para evitar o reducir la radicación de pleitos en los Tribunales de Justicia".[1]  Este Reglamento establece un proceso para ventilar las quejas y solicitudes de los confinados, el cual va desde la presentación de la solicitud del remedio administrativo hasta la resolución de la reconsideración por el (o la) Coordinador(a) Regional del Programa.[2]

El Reglamento Núm. 8583, dispone lo siguiente en cuanto a la jurisdicción de la División de Remedios Administrativos:

1. La División tendrá jurisdicción para atender toda Solicitud de Remedio radicada por los miembros de la población correccional en cualquier institución o facilidad correccional donde se encuentre extinguiendo sentencia y que esté, relacionada directa o indirectamente con:

a. Actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional.

b. Cualquier incidente o reclamación comprendida bajo las disposiciones de este Reglamento.

c. Cuando el superintendente impone la suspensión de privilegios sin celebración de vista alguna, conforme a la reglamentación vigente sobre la "Suspensión de Privilegios por Razones de Seguridad".

d. Alegaciones de violencia sexual por parte de un miembro de la población correccional conforme "Prison Rape Elimination ACT" (PREA)(115.5 1a, d, 115.52-b1, b2, b3).[3]

Ante una solicitud de remedio, un(a) Evaluador(a) de Corrección emitirá una Respuesta, en la cual "contesta la solicitud del remedio administrativo".[4]  De dicha respuesta, el confinado puede solicitar revisión a un(a) Coordinador(a), quien deberá emitir una Resolución que contenga "un breve resumen de los hechos que motivaron la solicitud, el derecho aplicable y la disposición o

---

[1] Reglamento Núm. 8583, págs. 1-2.
[2] *Íd.*, Reglas XII-XV.
[3] Íd., Regla VI(l).
[4] Íd., Regla IV (20).

solución a la controversia planteada".[5]    La determinación de Corrección no es final y revisable hasta que el (o la) Coordinador(a) resuelva la llamada "reconsideración".

IV.

Concluimos que no tenemos jurisdicción para revisar directamente la Resolución, como nos solicita el Recurrente.  Ello porque dicho dictamen no es producto ni de un proceso disciplinario contra un miembro de la población correccional, ni de la adjudicación de una solicitud de remedio administrativo.  Tampoco la Resolución es el resultado de algún otro proceso que adjudique los derechos u obligaciones del Recurrente.

En vez, una medida tomada bajo la Regla 9, por su naturaleza, es administrativa, no cuasi-judicial.  Se trata de una medida profiláctica de seguridad que no requiere adjudicar la responsabilidad individual de confinado alguno.  Puesto de otra forma, es una medida administrativa de tipo investigativo y gerencial que no puede ser objeto de revisión judicial por parte de este tribunal mediante el mecanismo pretendido por el Recurrente.

De conformidad, la vista que contempla la Regla 9 va dirigida únicamente a determinar si Corrección, a través de los funcionarios designados para ello, aprueba la extensión de la medida de seguridad solicitada por el (o la) Superintendente de la institución correccional.  Es por ello que no aplican las salvaguardas procesales que caracterizan un procedimiento cuasi-judicial, como el proceso disciplinario, el cual va dirigido a adjudicar si determinada persona infringió determinada disposición del Reglamento.

Por supuesto, la aplicación de una medida de seguridad bajo la Regla 9 incide sobre las condiciones de confinamiento del Recurrente.  No obstante, el mecanismo para presentar una queja

---

[5] Íd., Regla IV (21) y (23), y Regla XIV (1).

al respecto es el provisto por el Reglamento 8583, sobre remedios administrativos.

Por tanto, al no tener jurisdicción para revisar la Resolución a través del recurso de referencia, procede la desestimación del mismo.

V.

Por los fundamentos expresados, se desestima el recurso por ausencia de jurisdicción.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones